922

## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. MILLER et al.*

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5670.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. ■ This is a companion case to Sacramento Suburban Fruit Lands Co. v. Melin, 36 F.(2d) 907, to which reference is made for a more particular statement of the facts. The only specifications of error are four with reference to the rulings on testimony and one assignment of error in overruling the demurrer to the complaint. The first specification relates to the cross-examination of appellee Harry B. Miller. He stated on cross-examination that the company's agent had explained to them

*Rehearing denied February 10, 1930.

that they employed men skilled in the horticultural and poultry business, and furnished their services to the settlers free. He stated that he had sought the services of the poultry business, and was then asked, "What service did you seek from him?" This was objected to as incompetent, irrelevant, and immaterial, and the court sustained the objection, ruling as follows: "Nothing founded on any default in connection with poultry service. Objection sustained." The appellant reserved an exception to the ruling of the court, but did not make any offer of statement showing the evidence sought to be adduced by the question, and hence the ruling cannot be reviewed here.

■ Two witnesses, A. L. Isenberger and James B. Leitch, testified as to representations made to them at the time they purchased property in the Rio Linda tract. The testimony was admitted subject to a showing of a series of continuous transactions of a similar nature showing a plan or method of doing business. The exception was reserved to the ruling on the objection, but no motion was made to strike the testimony out upon the ground that it had not been connected up. Furthermore, one of the witnesses of the defendant, M. A. Crinkley, testified that he had been connected with the appellant company since 1915, that the company had subdivided 12,000 acres, and improved the land and sold it in small tracts. The company had been engaged in the business since 1912, and had made six or seven hundred sales prior to the sale to Mr. Miller, and, at the time Mr. Miller purchased his property, there were approximately 450 settlers on the project. He also testified to the method of selling the land advertised in a series of booklets. If this testimony did not sufficiently connect up the testimony objected to, appellants should have taken advantage of that fact by motion to strike out the testimony objected to.

■ During the examination of M. A. Crinkley on behalf of the appellant, the court sustained an objection to questions asked with reference to the time when the company first began the introduction of the poultry business and to a question with regard to the extent of that business. There was no statement made to the court as to what was intended to be shown by the witness. For that reason the question cannot be reviewed here.

The specification that the court erred in overruling the demurrer to the complaint is not argued in the brief.

Judgment affirmed.